968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tyrone MEBANE, Petitioner-Appellant,
v.
Steven J. DAVIES and Attorney General of Kansas,
Respondents-Appellees.
 No. 91-3339.
 United States Court of Appeals, Tenth Circuit.
 June 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Petitioner Tyrone Mebane is a state prisoner, who, after exhausting his state remedies, filed a petition for habeas corpus in federal district court.[1] He contended that at his state trial he was denied effective assistance of counsel, denied an opportunity to testify in his own behalf due to counsel's failing to allow him to take the stand, denied equal protection of the law because in Wyandotte County, Kansas, where he was tried the court had a system of appointed counsel instead of a public defender, and denied his constitutional rights because the prosecution knowingly used perjured testimony to obtain his conviction.
 
 
 2
 On appeal petitioner argues that the district court should have held an evidentiary hearing because of insufficiencies in the habeas proceeding he had in state court.
 
 
 3
 We comment only on the contention that petitioner's lawyer did not allow him to take the stand during his state court trial. In the postconviction proceedings the state court held a hearing on this issue, taking testimony from petitioner's lawyer at the state court trial. Petitioner says that that hearing was inadequate because he was not permitted to be present and to testify. We do not have in the appellate record any transcript of the state court hearing. But petitioner's own brief, citing to that transcript, states that his trial counsel testified "that he did not recall petitioner insisting that he should be allowed to testify or to talk to anyone." Brief of Appellant at 3-4. The brief also acknowledges that the state court considering his habeas petition appointed counsel to represent petitioner at the evidentiary hearing of which he complains, id. at 7. Presumably counsel was permitted to cross-examine the attorney. Thus petitioner's only contention of error of constitutional dimensions is that he was not allowed to testify himself at the state court habeas proceeding. This was a postconviction habeas proceeding, not the same as the original trial, when the defendant has a right to be present at all important stages. There is no corresponding right for a habeas petitioner to personally attend the court's proceedings. All that is required is fair consideration of nonfrivolous claims. We are satisfied that when the state court took the evidence from petitioner's trial counsel and provided petitioner with an attorney to cross-examine that former trial counsel on petitioner's behalf, we would not be able to hold that the state court hearing was constitutionally inadequate, or that the court below committed error in not giving petitioner a hearing in his federal habeas action.
 
 
 4
 Insofar as petitioner has not abandoned the other issues raised in his petition, we are satisfied that the district court properly resolved them in its Memorandum and Order of October 10, 1991.
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We grant petitioner's motion for leave to proceed on appeal without prepayment of costs or fees and his application for a certificate of probable cause